UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CAROL M. POOR, )<br>)<br>　Plaintiff, )<br>)<br>　v. )<br>)<br>JO ANNE B. BARNHART, Commissioner of )<br>Social Security, )<br>)<br>　Defendant. ) | CAUSE NO. 1:05-CV-222 |

## OPINION AND ORDER

Plaintiff Carol Poor brought this suit to contest a denial of disability benefits by Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"). On March 1, 2006, this Court entered an order reversing and remanding the Commissioner's denial of benefits. (Docket # 13.) Poor now moves to recover attorney fees (*see* Docket # 15, 19) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner, however, opposes Poor's fee request, arguing that its position was "substantially justified." For the reasons set forth herein, Poor's motion for attorney fees will be GRANTED.

### *A. Legal Standard*

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The Seventh Circuit has explained that the substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the

facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006), *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724).

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Construction*, 200 F.3d at 1081.

### B. Discussion

In its Order of March 1, 2006, this Court reversed and remanded the Commissioner's decision, finding that the ALJ failed to properly evaluate the opinion of Dr. Schultz, Poor's treating gastroenterologist, and that the ALJ improperly discounted the credibility of Poor's testimony. (Op. and Order at 18-25.) The Commissioner claims that its position was substantially justified as (1) the ALJ was not required to accept Dr. Schultz's opinion because a claimant's residual functional capacity is a legal decision reserved to the Commissioner and, furthermore, Dr. Schultz's opinion was inconsistent with other substantial evidence; and (2)

while the ALJ failed to provide "a completely thorough credibility analysis," he did articulate "some detailed reasons for his evaluation of [Poor's] allegations of symptoms," and thus it was reasonable for the Commissioner to argue that the ALJ sufficiently considered Poor's credibility. (Def.'s Resp. to Pl.'s Mot. for Att'y Fees and Costs Under the EAJA at 4-6.)

While certainly an ALJ need not accept a physician's opinion of a claimant's residual functional capacity or a medical opinion that is inconsistent with other substantial evidence, he must still *evaluate* every medical opinion he receives. *See* 20 C.F.R. § 404.1527 ("[W]e will evaluate every medical opinion we receive."); SSR 96-5p ("[O]ur rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner."); SSR 96-2p (stating that even if a treating physician's opinion is not well supported by medical evidence or is inconsistent with other substantial evidence, it is "still entitled to deference and must be weighed using all of the factors provided in 20 § C.F.R. 404.1527").  Here, the ALJ *totally failed to mention*, much less evaluate, Dr. Schultz's opinion in the context of the relevant time period, which directly addressed Poor's symptoms, clinical findings, and functional limitations, ultimately adopting a reviewing state agency physician's opinion. *See* SSR 96-5p ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored."); SSR 96-2p (stating that the ALJ "will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion").  The Commissioner then tried to rehabilitate the ALJ's decision by advancing *post hoc* rationalizations for the ALJ's omission of Dr. Schultz's opinion. *See Bady v. Sullivan*, No. 87 C 962, 1992 WL 107293, at *2 (N.D. Ill. May 14, 1992) (articulating that the Commissioner "is not entitled to avoid fees under EAJA by offering *post-*

3

*hoc* rationalizations").

As a result, the Court was forced to speculate as to the reasons for the ALJ's rejection of Dr. Schultz's opinion, proceeding on the assumption asserted by the parties that the ALJ rejected it for the same reasons he discounted Poor's credibility. *See Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) (stating that "the ALJ's decision must be based upon consideration of all the relevant evidence and that the ALJ must articulate at some minimal level his analysis of the evidence") (internal quotation marks omitted); *Hemphill v. Barnhart*, No. 01 C 6556, 2002 WL 1613721, at *8 (N.D. Ill. July 18, 2002) ("[N]o court should be forced to engage in speculation as to the reasons for an ALJ's decision."). The ALJ's failure to comply with 20 C.F.R. § 404.1527, SSR 96-5p, and SSR 96-2p constituted obvious legal error, requiring remand. *See Prince v. Sullivan*, 933 F.2d 598, 602-03 (7th Cir. 1991) (emphasizing that social security rulings are binding on an ALJ and his failure to follow them constitutes legal error). Thus, the Commissioner's position with respect to the ALJ's treatment of Dr. Schultz's opinion is without merit, lacking a reasonable basis in law and fact. *See Golembiewski*, 382 F.3d at 724 (awarding attorney fees where the ALJ's decision included *no discussion* of the claimant's credibility).

In contrast to his complete failure to address Dr. Schultz's opinion in the context of the relevant time period, the ALJ did engage in a credibility determination with respect to Poor, citing four snippets of evidence in the process. (Op. and Order at 20-22, 24.) Though the Court determined that the ALJ "turn[ed] a blind eye to any contradictory evidence and the medical record as whole," (Op. and Order at 22), had this constituted the ALJ's sole error the Commissioner would likely fare better in the instant motion. *See Cunningham*, 440 F.3d at 865 (upholding a denial of attorney fees by distinguishing the ALJ's "fail[ure] to connect all the dots

4

in his analysis" from the ALJ's failure in *Golembiewski* to engage in *any* credibility determination).

However, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724.  Therefore, because the ALJ ignored the opinion of Dr. Schultz, Poor's treating specialist, with respect to the relevant time period, committing a critical and obvious legal error necessitating a remand, the Commissioner's attempt to defend the ALJ's decision was not "substantially justified as a whole." *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sep. 4, 2001); *see also Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments but rather focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified).  Accordingly, Poor is entitled to an award of fees.

Poor's attorney, Joseph Shull, avers that he is entitled to an award of $4,921.80. (Docket # 19.)  The Commissioner does not challenge this figure, and the Court finds it reasonable.  Therefore, Poor's motion for fees in the amount of $4,921.80 will be granted.

### C.  Conclusion

For the foregoing reasons, Poor's motion (Docket # 15) and supplemental motion (Docket # 19) for attorney fees are GRANTED in the amount of $4,921.80.  SO ORDERED.

Enter for this 10th day of April, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge